```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JAMES SAMPSON,

                    Plaintiff,         MEMORANDUM & ORDER
                                       09-CV-3894 (JS)(ARL)

          - against -

WARDEN, SUFFOLK COUNTY JAIL, MEDICAL
DIRECTOR, SUFFOLK COUNTY JAIL, and
MEDICAL DIRECTOR, PECONIC BAY MEDICAL
FACILITY,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:      James Sampson, pro se
                    Prisoner No. 041244
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, NY 11901

For Defendants:     Brian C. Mitchell, Esq.
                    Suffolk County Dept. of Law
                    100 Veterans Memorial Highway
                    P.O. Box 6100
                    Hauppauge, NY 11788

                    Andrew Leslie Zwerling, Esq.
                    Garfunkel, Wild & Travis, P.C.
                    111 Great Neck Road, Suite 503
                    Great Neck, NY 11021
```

SEYBERT, District Judge:

On September 9, 2009, Plaintiff James Sampson commenced this 42 U.S.C. § 1983 action. On October 18, 2009, the Court sua sponte dismissed Mr. Sampson's Complaint but granted him leave to replead. Mr. Sampson filed an Amended Complaint on October 28, 2009. Defendants have now moved to

dismiss under F??. R. C??. P. 12(b)(6). And Mr. Sampson filed no opposition to Defendants' motion.

For the following reasons, Defendants' motion is GRANTED.

BACKGROUND

In April 2009, Mr. Sampson was incarcerated along with his brother in the Suffolk County Correctional Facility. Around this time, Mr. Sampson was informed that his brother was hospitalized. Mr. Sampson requested information on his brother's condition, but this request was denied. In July 2009, Mr. Sampson learned that his brother's condition was terminal, and that his death was imminent. Mr. Sampson requested a death bed visit, but this request was also denied. In August 2009, Mr. Sampson's brother died, without Mr. Sampson getting a chance to see him and say goodbye. Mr. Sampson requested religious counseling, and this request was also denied.

Despite suffering psychological problems stemming from these events, Mr. Sampson never filed a grievance. According to Mr. Sampson, he declined to file a grievance because "the corrections officers dispose of the [sic] before they are filed." Mr. Sampson claims that he did speak to a "Sgt. Kenny" about the situation, but that Sgt. Kenny "advised me he would not help because he does not like me." Instead, Mr. Sampson commenced this action. Mr. Sampson has not, however, responded

to Defendants' motion to dismiss, despite Defendants' repeated attempts to reach him.

DISCUSSION

42 U.S.C. § 1997e(a) provides that "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Here, as the Amended Complaint acknowledges, Mr. Sampson never filed a grievance concerning the alleged conduct. Thus, Mr. Sampson failed to exhaust his administrative remedies. And, consequently, the Amended Complaint must be dismissed. See Terranova v. County of Nassau, 09-CV-3687, 2010 WL 2731852, at *4 (E.D.N.Y. July 6, 2010) (dismissing under § 1997e(a) when complaint admitted that plaintiff did not present claims under existing prison grievance procedure).

CONCLUSION

Defendants' motion is GRANTED. Mr. Sampson's Amended Complaint is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to mark this matter as CLOSED.

SO ORDERED.

/ s / JOANNA SEYBERT\_\_\_\_
Joanna Seybert, U.S.D.J.

Dated: September 3, 2010
      Central Islip, New York